THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDD WHITE, Appellant. [48 NYS3d 597]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered January 15, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second violent felony offender, to a term of six years, unanimously affirmed.

The court providently exercised its discretion in denying, without a hearing, defendant's CPL 330.30 (2) motion to set aside the verdict on the ground of improper jury conduct. The

only support for the motion was a letter from, and counsel's phone conversation with, one juror. Viewing the information supplied by this juror in a light most favorable to defendant, it only demonstrated that, during deliberations, two other jurors cited matters that were permissibly within the realm of personal life experiences, albeit ones not shared by all jurors (*see People v Arnold*, 96 NY2d 358, 364-368 [2001]; *People v Brown*, 48 NY2d 388, 393-394 [1979]), rather than the type of specialized training and expertise described in *People v Maragh* (94 NY2d 569, 574 [2000]). Furthermore, a "motion is no substitute for an investigation to be made by counsel . . . and a defendant is not entitled to a hearing based on expressions of hope that a hearing might reveal the essential facts" (*People v Brunson*, 66 AD3d 594, 596 [1st Dept 2009], *lv denied* 13 NY3d 937 [2010] [internal quotation marks and citations omitted]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Acosta, Kapnick, Kahn and Gesmer, JJ.